# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE AMADEO, *Plaintiff*, | CIVIL ACTION |
| v. | No. 18-2472 |
| SPRING MOUNTAIN ADVENTURES, INC. d/b/a SPRING MOUNTAIN SKI AREA, et al., *Defendants* | |

## MEMORANDUM

Plaintiff Stephanie Amadeo had never been snowtubing before she went snowtubing at Defendants' facility. ECF No. 36-2 at 59. At the end of the run during her first attempt down the hill, she was greeted by an implacable and immovable barrier, put in place by Defendants, upon contact with she sustained significant injury to her ankle. *Id.* at 91. Defendants filed a Motion for Summary Judgment on the basis that it owes no duty to Plaintiff because, under Pennsylvania law, snowtubing carries with it an "inherent risk of harm such that there is no duty to prevent the same," claiming that the Skier's Responsibility Act, 42 Pa. C.S. § 7102(c), "statutorily preserves the assumption of the risk defense with regard to any activities related to all downhill snow sports including snow tubing." ECF No. 34 at 9-10 (quoting *Jones v. Three Rivers Management Corp.*, 394 A.2d 546 (Pa. 1978)). However, contrary to Defendants' claims, a survey of the law reveals the Skier's Responsibility Act, and Pennsylvania law, has identified "inherent risks in

the sport of downhill skiing" but has not yet applied the same standard to snowtubing. 42 Pa. C.S. § 7102(c); *see also Wang v. Whitetail Mt. Resort*, 933 A.2d 110 (Pa. Super 2007).

This Court finds that snowtubing does not fall within the realm of downhill skiing and anticipates that the Pennsylvania Supreme Court would define snowtubing as "inherently benign." Furthermore, to the extent Defendants argue that Plaintiff must produce an expert, the Court finds that, as Plaintiff's only remaining claim is for basic premises liability and given the alleged facts in this case, Plaintiff's claim does not require an expert. A jury is capable of finding that a proprietor in this field of endeavor may be held negligent under the circumstances of this case without the assistance of a Plaintiff's expert. Snowtubing is an inherently family activity, during which families expect to be able to enjoy an injury-free experience, all things being equal, while others are engaged in the activity of skiing, which activity carries with it an inherent risk of harm. Snowtubing clearly does not fall within the auspices of the Skier's Responsibility Act. Defendants' Motion for Summary Judgment (ECF No. 34) is denied. An appropriate order will follow.

BY THE COURT:

11-1-2019

CHAD F. KENNEY, JUDGE